No. 22,690.

NELLIE WESTON, *Appellee,* v. WALKER D. HINES, Director General of Railroads, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Railroad Crossing—Traveler Obeying Signal of Flagman—Finding of Negligence Interpreted.* In an action against a railroad company growing out of a crossing collision, where there is evidence that the plaintiff attempted to cross the track in obedience to a signal from a flagman, a finding of the jury that the defendant's negligence consisted in "insufficient flag service" may be interpreted as meaning that the flagman was remiss in his duty rather than that another flagman was required.

2. SAME—*Contributory Negligence—Question of Fact for Jury.* Where the driver of a vehicle is about to cross a railroad track the fact that he receives a signal from a flagman to go ahead does not relieve him from the obligation to exercise due care for his own protection; but it prevents his failure to ascertain for himself whether a train is approaching (by looking and listening, stopping for the purpose if necessary) from constituting contributory negligence as a matter of law, leaving the jury to determine whether under all the circumstances, including the giving of the signal, he acted with reasonable prudence.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed November 6, 1920. Affirmed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*Charles D. Ise,* and *Dallas W. Knapp,* both of Coffeyville, for the appellee.

The opinion of the court was delivered by

MASON, J.: While Nellie Weston was driving a one-horse wagon in the city of Coffeyville she was injured as the result of a collision with a part of a freight train which was backing along a track of the Santa Fe railroad intersecting the street at right angles. She brought an action against the director-general of railroads and recovered a judgment from which this appeal is taken. Reversal is asked on the grounds that there was no evidence to support the finding made by the jury as to the defendant's negligence, and that in any event the plaintiff under the established facts was barred from recovery by her own negligence.

1. In reply to a question calling for a statement of the respect in which the defendant's agents had been negligent the jury answered: "Insufficient flag service. Switching too fast. Yard not cleared." The street was also crossed, at a distance of about a hundred feet west of the Santa Fe tracks, by tracks of the Missouri, Kansas & Texas railroad. A flagman was employed who did duty for both roads. The defendant interprets the finding of "insufficient flag service" as meaning that an additional flagman should have been employed—that a watchman should have been employed specially to guard the Santa Fe tracks. It is, of course, necessary to give the language of the finding any construction of which it is reasonably susceptible in order to sustain the judgment. The plaintiff was driving from the west. Her testimony was that the flagman beckoned for her to come on and cross the Missouri, Kansas & Texas tracks, and that she did so; that then he kept motioning for her to drive up a little faster, which she did, driving right on. In view of this evidence we think the finding that the defendant was negligent by reason of "insufficient flag service" may and therefore must be interpreted as meaning that the negligence consisted in the insufficiency, that is in the defective quality—the faulty character—of the service rendered by the flagman on duty, in signalling the plaintiff to keep on after she had crossed the Missouri, Kansas & Texas tracks, instead of warning her to wait until the cars had passed over the street. So understood, the finding is obviously supported by the evidence.

Weston v. Hines.

It is argued that the plaintiff's injury was not due to the speed of the cars—that the accident would have occurred irrespective of the rate at which they were moving, since the plaintiff did not see them before trying to cross. It may be, however, that if they had been moving slower the employees in charge might have been able to stop them in time to avert the collision after discovering the plaintiff's peril. But in any event, the finding as to the flagman's remissness being sufficient to support the verdict, it is immaterial whether or not either of the other two forms of negligence mentioned was established. (*City of Emporia v. Norton*, 16 Kan. 236.)

2. The defendant argues that the plaintiff was under an absolute duty to ascertain whether any cars were approaching before crossing the track, by looking and listening and if necessary by stopping for the purpose, and that the evidence and findings show that she did not do so. The plaintiff contends that she was relieved from this obligation by the fact that the flagman signaled her to go ahead across the track. The defendant responds by saying that this contention is not available because it was excluded by the instructions. The jury were told that where a flagman is maintained at a crossing "and such flagman signals the traveler to cross, such traveler may rely to some extent upon the presumption that it is safe for him to go upon the crossing, nevertheless the traveler must exercise ordinary care as heretofore suggested, that is, care commensurate to the dangers to be apprehended. He must exercise and continue to use his senses of sight and hearing and take every precaution that an ordinary prudent person would do under the same and similar circumstances." Under this instruction the fact that the flagman signaled the plaintiff to go ahead did not relieve her wholly from the duty of looking out for herself, but did prevent her omission to take any specific precaution from constituting contributory negligence as a matter of law, the jury being left to determine whether in view of all the circumstances, including the giving of the signal by the flagman, she had exercised reasonable care. This view is in accordance with the weight of authority.

"It cannot be said as a matter of law that the plaintiff in such a case may rely solely upon the flagman; neither can it be said, as a question of law, that his failure to look or listen is not contributory negligence. It is a question of fact, to be determined by the jury." (22 R. C. L. 1045.)

We conclude that whether or not the plaintiff would otherwise have been precluded as a matter of law from recovery by her failure to exercise greater care on her own part the fact that she was obeying the direction of the flagman made the question whether her conduct amounted to due diligence one for the jury.

Complaint is made of the refusal to give certain requested instructions, but as the legal propositions involved are those already considered they do not require discussion.

The judgment is affirmed.